And we'll take up George v. Madden. May it please the Court, Mark Drozdowski from the Office of the Federal Public Defender for Petitioner Appellant Chris George. George alleged in state court and proved at a federal hearing that but for his counsel's ineffective assistance, he would have accepted a three-year plea deal taken by his codependents. Instead, he is serving 21 years after a conviction at trial. District Judge Klausner rejected an unopposed recommendation by the magistrate judge to grant relief after an evidentiary hearing where every key fact and credibility finding was in George's favor. May I ask you first, do you think that the magistrate judge was correct in finding that the re-litigation bar of 2254 D had been overcome by the allegations in George's superior court habeas petition, which was identical to the one he used in the Court of Appeal in the Supreme Court, when the only allegation was that David had provided misadvice, not in what the misadvice consisted or what acts or omissions caused the misadvice? Isn't the misadvice allegation as a matter of law ineffective? To answer your question, I believe the magistrate judge was correct to rule that 2254 D1 was satisfied based on the state court record that the superior court's denial of relief for failure to state a prime invasive case. Help me out. Tell me what about the superior court allegations are sufficient to establish ineffective assistance of counsel? Yes, Your Honor. I agree that the three state petitions are substantially the same. I am going to quote from the Supreme Court petition, because they're in the excerpts of record, and I will also cite the specific ECF pages in the superior court petition. The superior court petition was lodged at Docket 11, Lodgeman 3. It's not in the excerpts, but I can give you pinpoint sites. No, the superior court petition is attached to the Supreme Court petition, so we have it here. Okay. It's at ER 581. Okay. I want you to tell me what acts or omissions of Mr. Davitt were sufficiently alleged under Twombly or Iqbal to state a plausible case of ineffective assistance of counsel? As I read it, Mr. George says, I was misadvised. That's a conclusion. He doesn't tell us how he was misadvised or why he was misadvised. Well, he submits information showing how much evidence there is against him in the case, how difficult the case was, and so when you look at it in that context, the advice to not take the deal, to, quote, not mess up your life, do not take this deal. So he is saying this evidence proves as a prima facie matter that no reasonable attorney would have taken this case to trial with this evidence against me. Is that your position? Correct. And he also cites that his two similarly situated co-defendants took the deal and. So what? That doesn't, it's often the case that some defendants plead out and others go to trial. He submitted, and this is in the Supreme Court petition, I'm sorry, I'll cite the Superior Court petition, it's Lodgeman 3 at page, ECF pages 73 and 83. He submits part of the transcript of the hearing where a suppression motion was denied, and we know from the record that the trial lawyer pinned a lot of the case on excluding the DNA evidence, and as a magistrate judge, no reasonable lawyer knowing the facts in the law would believe that suppression motion had a chance given that George had no reasonable expectation of privacy in the home. So that's evidence of the facts against him. Also, in pinholster, the Supreme Court said that the California Supreme Court reviews the record of trial to assess the merits of a petitioner's claim. It says that in footnote 12. It also says that the parties agreed that the state court record includes any matter of record pertaining to the case. And in Ray Reno, the California Supreme Court case. Pardon me, counsel. It occurs to me that the real basis in the district court, after finding that the relitigation bar did not apply, really comes down to two issues. That Davit didn't have any expert witness or any evidence to keep the DNA evidence out, right? Yeah, that's another instance. He knew that Davit thought that the 13-year-old victim would not show for trial. Now, those are two very good reasons why he should not go to trial, because he knew that the victim would show up two or three days before trial, and the offer was still open. And that's all developed at the district court level. But none of that is alleged in the state court petition, right? Correct. But, you know, the record... So we have no acts or omissions which make plausible the conclusory allegation that the misadvice was the cause of his not taking the plea. That's my problem. I don't, frankly, I don't see why the government agreed that the relitigation bar was no longer there. And perhaps I'll ask you that question later on. George alleged in his state petitions that, quote, a claim of deficient performance depends on whether the advice and other communications regarding the offered plea bargain were within the range of competence demanded of attorneys in a criminal case. That's at excerpts at 595. He also alleged that, quote, counsel should inform the defendant of the prosecution and defense evidence and assess its value at trial, unquote. That's at excerpts 596. He then said on the next page that his attorney, Davit, did not adhere to the standards required of defense counsel, which made his performance deficient during the plea bargaining process. But what were the facts that made his performance deficient and were alleged in the state court petition? He's an incarcerated pro-state petitioner. The record shows he wrote to Mr. Davit twice to ask him to submit a declaration and Mr. Davit did not respond to him. He even put a note in his file saying he's asking me for a declaration and he didn't give a declaration at all until the magistrate judge recommended relief and then the attorney general went and talked to him. I think I've exhausted my questions. I would like to move to the district court's order. This court can grant relief despite the district court's order and the Johnson v. Finn case and that's because the order does not mention or refute the alternative ground for relief recommended by the magistrate judge. What weight do we give the fact that the state did not object to the magistrate's report and recommendation? Well, as it says in the notice that comes with the report and recommendation, a failure to object is tantamount to consent to all findings of fact. I think that's where we are situated. What explains Judge Klausner's ruling completely disregarding the report and recommendation? I don't know. He's an Article III judge and the magistrate judge isn't. I know. I know. And Johnson v. Finn says that if the court concludes that Judge Klausner made credibility determinations that were different, that he rejected the credibility determinations of the magistrate judge without holding a hearing, that the result is to remand. I don't believe that that alternative ruling that relief is required because Mr. Davitt failed to give his independent recommendation, which is his testimony at the hearing. That's untouched and not rejected by Judge Klausner's ruling and this court can grant relief on that basis. I'm sorry, the fact that he didn't, I wasn't quite sure I heard you say that the magistrate judge found that Davitt did not give an independent recommendation?  Okay. And that was Mr. Davitt's defense. His defense was not only did I not. The magistrate judge didn't believe Davitt. He did not. Well, he believed him on that. What he says is he credited Mr. George over Mr. Davitt on whether Mr. Davitt recommended denying the deal. I see that I'm running out of time. I'd like to, unless there's further questions, reserve the balance of my time. Why don't you reserve? Good morning, Your Honors, and may it please the Court. Christopher Beasley, Deputy Attorney General, on behalf of the respondent. Judge Bea, in response to your questions, when I briefed this case, I proceeded on an incorrect assumption. The incorrect assumption was this, that the district court had affirmatively found when Judge Klausner had affirmatively found that the relitigation bar had been met. There's nothing actually in the district court's order that suggests as much that actually says it. There's no order suggesting that the district court adopted any part of the report and recommendation from the magistrate judge, and I proceeded on that assumption, thinking that the district court had ruled on that. And I appreciate the court pointing out or asking the parties to be prepared to address the standard of review and what standard should be, what should be the applicable standard here. I appreciate that because it gave me pause to look more closely at the record and at the briefing, and I apologize for submitting a brief that was less than helpful on that question to the court. So in specific answer to your question, Judge Bea, the relitigation bar here has not been overcome because there was an absence of evidence as to what the rationale for Davit's performance was. Not an absence of evidence only, an absence of allegation. Absolutely. And that is why the superior court said, we have no prima facie case here. And so there's, and that was basically saying you can come back and you can try again with more evidence and properly allege this claim of ineffective assistance of counsel. So the relitigation bar itself had not been overcome at all. In fact, under California law, talking about just absence of evidence, setting aside a lack of allegations and the insufficiency of the allegations themselves, under California law, which is consistent with United States Supreme Court law, in the, it is difficult to overcome the very heavy presumption that counsel's actions are reasonable in the absence of evidence to the contrary. And on this record, on what, what George had submitted to the State. You're talking about the record before the State court. Before the State court, correct. On the record that was before the State court, George had submitted nothing that supported a conclusion that Davit had given bad advice or had rendered some, some sort of ineffectiveness during that representation in the plea negotiations. And because there was the absence, together with the fact that the allegations themselves are wholly inadequate, the relitigation bar, there was nothing unreasonable about the Superior Court or the Court of Appeal or the Supreme Court, California Supreme Court's decision to reject the claim. And because the, because George had been unable to show that that decision was contrary to or an unreasonable application of controlling the United States Supreme Court precedent, the relitigation bar has not been met. Now, assuming for a moment that the relitigation bar had been overcome, even on the record as developed in the district court, the record does not support George's claim of ineffective assistance of counsel. What the magistrate judge here did was ultimately a post hoc evaluation, which Strickland counsels against, a post hoc evaluation of counsel's conduct. You have to look at what counsel did at the time, at the relevant time period. And what counsel has is a client who does not want to plead to any sort of plea deal that includes mandatory lifetime sets of federal registration. So on that one, though, if he went to trial and lost, he'd still have the mandatory. That is correct. So, I mean, it seems like the counsel didn't really advise him as to that. I think the counsel did. The counsel explained to him, look, these are your options. You can take this plea and you'll have sex offender registration. You can go to trial. You might lose. You might get 20 years in prison. But wasn't his allegation, and wasn't this allegation also in the State, before the State courts, was that he told them you can beat this case? No. That only came out later? I don't think that was before the State court. That came out later in the evidentiary hearing. So you have a client who does not want to plead with the lifetime mandatory sex registration. And in the evidentiary record developed in the magistrate court, there was a lot of evidence that was presented about how David tried desperately to negotiate a plea with the prosecution that would omit this requirement, but to no avail. So David may well have said, too, he may well have said, yeah, well, then we can't take this deal and we're going to go to trial. Which George may have interpreted or heard as, we're not taking the deal. You need to reject the deal. So on the one hand, you have George saying to his attorney, I don't want to register. Do anything you can for me. I don't want to register. And you have a response that's perfectly reasonable and says, I can't get that kind of deal. You'll have to take, then, you'll have to go to trial because that's our only option based on the parameters that you have set. Now, that's how you reconcile the magistrate's findings. And Judge Klossner, in the first findings, says the facts and evidence indicate the petitioner made the decision to go to trial on his own volition. That's correct. And that is supported by the record that was developed before the magistrate because you have this evidence. Even George conceded in testimony that he didn't want mandatory sex registration. Now, he soft-pedaled that by then going on to say, but had I known that I was going to serve 20 years in prison, I would have accepted it. But he did know because his attorney told him. And the record further shows that he understood the seriousness and the gravity of the case. His whole family did. That's why they hired private counsel to go with the representation. Well, and he's also told by his co-defendants. Exactly. And so he knew the seriousness and the gravity of what he was facing, and he decided to gamble and ultimately lost. There was nothing unreasonable about what this attorney did. There was nothing professionally unreasonable about what this attorney did. And that's the problem in this case. I'll tell you what I find troubling. I mean, just on the deficiency. When the question, when Davit was asked, did you give him your independent judgment on whether you thought it was a plea deal worth accepting or rejecting, he said no. And isn't that what an attorney is supposed to be doing? There is a visceral – I agree, Judge Wardlaw. There is a visceral reaction to that, that maybe this attorney could have done more or should have done more. But this attorney did lay out, this is the strength of the case, these are the weaknesses of the case, this is what happens if A, this is what happens if B. And he laid it out for this client, who then makes a choice, an informed choice based on that counsel. Now, could counsel have done more? Certainly. In the last case, we heard there's always going to be something more that can be done. But that's not the question. The question in an IAC claim is, was it professionally deficient? Was there a professional obligation to do the extra more? Or is it professionally reasonable to lay out all the options and let the client determine for themselves which options to go with? And on this record, there is simply no showing of deficient performance, professionally unreasonable performance. And for that reason, Judge Klausner got it right in this case and properly rejected the magistrate's report and recommendation. So on those two grounds, first, under 2254D, the relitigation bar, it has not been met. And so on that basis alone. You want to be relieved of the concession made in your brief. Yes, please. That concession was poorly thought through. And I, again, appreciate the court for it. And Amato says you can't concede it away. I'm sorry? I said the case we cited in our letter, Amato seems to say you can't concede it away. That's correct. Yes. It's not just our largesse. It's a statutory requirement. The relitigation bar must be overcome even at this level. And it has not been overcome. And then independently of that, even if it had been, there is nothing here that supports the conclusion that this was ineffective assistance of counsel. If this Court has no further questions, I will submit. Thank you. Thank you very much. Thank you, Counsel. George did, in fact, allege in state court that Mr. Davit told him, quote, I don't want you to mess up your life like both of your co-defendants. Therefore, we will not take the deal. I can beat the charges. Excerpt 585. Excerpt 597, he repeats that Davit advised petitioner reject the plea deal by saying, I could beat the charges. It's important to remember that the California State Habeas Courts say that they assume that facts are true. They review the entire record, which here includes the Court of Appeal opinion, which lays out the strong case against the petitioner, his 21-year sentence. He is not supposed to have to prove his case at the allegation stage. In Nunez v. Mueller, the case we cite is strong on that. If this Court is inclined to agree with respondent about Judge Klausner rejecting the magistrate's credibility and fact findings under Johnson, the case is to be returned to the district court to hold its own hearing or to adopt the magistrate judge's credibility findings. I have different ER citations in my book than you have. So when you referred us to ER 595, 585, 597, what document are those citations from? I apologize, Judge Warlaw. I was quoting from the California Supreme Court petition, which has the same allegations as the Superior Court. Let me give you the parallel sites for the Superior Court. The first one I gave you was excerpts 585. In the Superior Court petition, which is at Docket 11, Lodgeman 3, that's at ECF page 8. The second part where he alleged that Mr. Davids said he could beat the charges, again, that's excerpts 597, the California Supreme Court petition. In the Superior Court, that's at Docket 11, Lodgeman 3, at ECF page 112. All right.  Thank you, Your Honor. Okay. So George v. Madden will be submitted.
judges: Boggs, Wardlaw, Bea